UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Matthew Brian Goodale**                           **Docket No. 7:12-CR-73-1D**

**Petition for Action on Supervised Release**

COMES NOW Kristyn Super, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Matthew Brian Goodale, who upon an earlier plea of guilty to Robbery of a Business Engaged in Interstate Commerce and Aiding and Abetting, in violation of 18 U.S.C. §§ 1951 and 2, was sentenced by the Honorable James C. Dever III, Chief U.S. District Judge, on January 28, 2013, to the custody of the Bureau of Prisons for a term of 30 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 3 years.

Matthew Brian Goodale was released from custody on February 12, 2015, at which time the term of supervised release commenced.

On September 30, 2015, a Petition for Action on Supervised Release was submitted to the court after an incident at the defendant's residence where he became intoxicated and an altercation occurred. There were no injuries reported or criminal charges filed and the defendant relocated to a different residence. At that time, the defendant reengaged in substance abuse treatment and the conditions of supervised release were modified to include the condition that the defendant abstain from the use of alcohol.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On January 17, 2017, Goodale was charged with Misdemeanor Assaulting a Government Official and Misdemeanor Resisting Public Officer after an incident in Jacksonville, North Carolina. According to the documentation provided by Sergeant Gober of the Onslow County Sheriff's Office, he was dispatched to the defendant's place of employment in response to a reported altercation between the defendant and another employee. Upon arrival, Sergeant Gober observed the defendant standing near the front entrance of the business arguing with another employee. While initially Goodale complied with directions, he then became irate and refused commands to stand near the patrol car while Sergeant Gober interviewed witnesses. The defendant became belligerent and proceeded to spit in the direction of the officer, began cursing at him, and took his belt off and began swinging it around. Sergeant Gober deployed his taser and was able to place Goodale in handcuffs at that point. Contact was made with the other individual involved in the altercation, who reported that Goodale had punched him; however, there were no injuries observed and he refused medical treatment. This officer spoke with Sergeant Gober, who advised that while it is not mentioned in the initially prepared police report, Goodale was intoxicated during this incident and admitted to consuming alcohol at work that day. The above mentioned charges remain pending in Onslow County District Court (17CR050282). On January 20, 2017, this officer spoke with Goodale regarding these charges. He admitted to consuming both alcohol and marijuana and the urinalysis screening submitted that day was confirmed as positive for marijuana by Alere Toxicology on January 30, 2017. Goodale reported struggling with the stressors in his life and admitted to relapsing as a result. He agreed to reengage in substance abuse treatment and is scheduled for an intake appointment with Chemical Dependence Training Evaluation and Guidance on February 1, 2017. This officer and Goodale also discussed the availability of mental health counseling and he has signed a waiver agreeing to modify the conditions of supervision to include participation in mental health treatment as well.

Matthew Brian Goodale
Docket No. 7:12-CR-73-1D
Petition For Action
Page 2

As a sanction for the violation conduct, it is respectfully recommended that the defendant be placed on home detention program, to include location monitoring, for a period of 90 days.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 90 consecutive days. The defendant shall be restricted to residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Robert L. Thornton<br>Robert L. Thornton<br>Supervising U.S. Probation Officer | /s/ Kristyn Super<br>Kristyn Super<br>U.S. Probation Officer<br>200 Williamsburg Pkwy, Unit 2<br>Jacksonville, NC 28546-6762<br>Phone: 910-346-5104<br>Executed On: February 01, 2017 |

### ORDER OF THE COURT

Considered and ordered this  8  day of  February , 2017, and ordered filed and made a part of the records in the above case.

James C. Dever III
Chief U.S. District Judge